Good morning, your honors. Stanley Raskin for the appellant. In my view... You better learn to read your e-mails, eh? At my age, I find it very hard to change my methods, and I should have read my e-mails. I'm doing better now, but I still have... I was very surprised. I guess this court now operates entirely by electronics. Yes, I understand. I got this brief in a criminal case, and the court's office wouldn't file it without my okay because it was paper. I said, well, don't file paper. I'm sorry, go ahead. I'm empathizing with you. I have thought of asking to go back to the paper method, but I know what the result would be. Yeah, I think we're down the road from that in the central district. But this is, in my view, really a very simple matter. Both of the defendants were served either before or a little bit after three months had expired. The IBEW proof of service was filed, I think, five or six days before the OSC was to be heard. The Edison proof of service, I believe, was filed five or six days after the OSC. I made a motion to vacate, and that was unsuccessful. I'm a little confused about Rule 4B of the Rules of Civil Procedure. I just looked at it this morning and saw that I should have had 120 days to complete this service, but perhaps I'm mistaken. But in any event. Well, you did have 120 days. The problem was that the district judge scheduled an order to show cause before that, which you can do. I mean, your cause might have been, I've got another 30 days to do it, but you still have to show up in court when the court orders you there, and so the district judge imposed a sanction, and the sanction was dismissal. And I agree with the court that he had the right, he has discretion under Rule 41. I understand that. I mean, you can dispute he has, I'm sorry, let me start again. You agree, I think, that he doesn't have to wait until you run out of time to schedule an OSC. No, Your Honor. I mean, he can say it's been 90 days, come into court and tell me why this case hasn't, you know, you haven't served it. But he had different. Excuse me. And you had a duty to show up. You don't dispute that. I do not dispute that. And you goofed. And I goofed. And you admitted you goofed by a short amount of time because of the e-mail notice, correct? That's correct.  Mr. Raskin. That was not my client's goof. Mr. Raskin, we all agreed you goofed now. But what is, so what is our standard of review? How do we review the district judge's order for what? I'm going to lapse back to the fairness concept or the lack of harshness concept that Martin's mentioned. I think an attorney should follow the rules. I think an attorney most certainly should come to an OSC. But I think the attorney should have been sanctioned. Wait a minute. Wait a minute. If fairness is the standard of review, that's pretty flexible, isn't it? Yes, it is. I mean, you know. Yes, it is. Obviously, Judge Real thought it was fair, didn't he? I know Judge Real for many years. So have I. And that varies from time to time, his concept of fairness. And I don't mean to be disrespectful. But in this case, the result was harsh. Let me just step back on the central district has this thing where you can sign up for optical scanning and be part of this optical scanning program. Is your office, or was it at the time, part of that optical scanning program? You mean PACER? Well, in terms of receipt of documents via the optical scanning. At that time it was not. Today it is. Okay. So it wasn't that. And did you read the rules to be that service by the court is exclusively by e-mail as of the time that this occurred? Or is it unclear? I'm embarrassed to tell the court that I have not read the rules on electronic e-mail, but I have been on notice after this problem arose that I should be reading my e-mails more carefully. That is correct. Well, the rule at issue here actually isn't so much an electronic filing rule, which relates to whether you might be able to file electronically. But the rule is what you're supposed to put on your cover page in your pleadings. So that's where people have their name, address, bar number. And then the rule was amended to say add your e-mail. So my question to you is, do you think that's sufficient notice that e-mail can be used exclusively by the court as a means of communication? I can't quarrel with the rule. The rule is something that I have to abide by in my practice. That is correct. I guess what I'm asking is, is it sufficient notice?  I'm asking you a legal question, okay? So my legal question is this, is the rule at issue basically is this local rule about what you're supposed to put on your documents. And it changed over time. So the rule in effect, when this all was coming down the pike, just said, along with your address and phone number and fax, you should put your e-mail on the title page of any of your documents. And my question is that, in your view, sufficient notice that the court would be communicating with attorneys exclusively by e-mail? And my answer is no in my case, Your Honor. West is kind enough to send me supplements to the rule, and I forget when those supplements come. You may be familiar with those. And that rule change was in, undoubtedly, in that supplement, but I did not read it at that time. Okay. So what do you think is the strongest basis for reversal here, in your view? The strongest basis for reversal here is that the requirements of the court were complied with in one case, and I was six days late in respect of the OSC in another case. But I brought to the court's attention my lack of diligence and the fact that I had complied. I had come into compliance. We're dealing with not only my problems but the client's problems. Let me ask you a factual question. Yes. I guess I am asking you to testify, but you don't have to answer if you don't want to. But at the time this happened, were you, in fact, personally aware that you didn't need to get a piece of paper from the court, the notice would come by e-mail alone? No. You just didn't know? No. And you haven't examined the rule closely enough to know whether, had you read the rule, you should have been on notice of that? That's correct. I think that's the question that Judge McKeon was asking you, and your answer is, I don't know, I haven't looked at the rule closely enough. That's correct. Okay. That's highly candid. You've got about a minute left. Would you like to save it for rebuttal? Yes. Thank you. Okay. Good morning. My name is Ellen Greenstone, and I'm appearing on behalf of Defendant and Appellee IBEW Local 47. What's the prejudice? The standard for prejudice is that prejudice is assumed absent a non-frivolous reason. Well, let's assume it's a non-frivolous reason. What's the prejudice? Then there isn't prejudice. I would not argue that there was. Ms. Greenstone. Yes. You're here, understandably, defending an order that you had almost nothing to do with creating, and I understand you're acting in the best interest of your client, but what is your understanding of the e-mail rule at that time in the district court? The question that Judge Kuczynski asked your opponent. Correct. My understanding of the e-mail, that there was not a specific rule on receipt of e-mail, but as we pointed out in our brief, that the rule requires an e-mail address on the caption where the telephone number and the bar number and the identity and address of the attorneys are. But is there anywhere that, you know, I mean, for years in practicing law, we sent our papers down there physically and we got papers back physically and the court issued orders in those little envelopes. So is there anything you can point to where the court notified attorneys, apart from saying what you should put on your title page, that the old game is off and it's now an all-electronic world in terms of receiving notice from the court? With respect to electronic notice, no. I think it's fair to say that most attorneys who practice in the central district know that things move along a lot faster than they used to and that the judges issue OSCs and require attorneys to show up on a much more regular basis to report on the progress of their cases. That's really what I would offer. I know we pay much more attention. But getting back to the original question, I don't know if we still have a clear answer. Can you cite a specific rule, you know, local X-X or whatever it is that says, you know, notice from the court or the clerk by e-mail shall be deemed sufficient notice to the attorney of, you know, whatever notice is required. Something like that? No, I don't know of a local rule. And sort of to get it from a slightly different angle, I know this must be highly uncomfortable for you. It's odd. It's not particularly uncomfortable. I suspect you probably remember the days before e-mail and maybe have a little sympathy for opposing counsel. Yeah. There's no doubt that if whatever the rule is, if a lawyer gets notice by e-mail, gets actual notice, reads the notice, then doesn't show up, whatever the rule is, if he has actual notice, that the judge on that basis can sanction the lawyer, whether this is an appropriate sanction or not. No question. But I don't... But if the lawyer, in fact, does not get the notice, and there may be an issue of fact here, doesn't know, doesn't get the e-mail, it would be very hard, even if he should have read the e-mail, isn't it hard to show a willful violation that would justify the more serious sanction? I don't believe this is... We haven't argued that this is a willful violation, and I certainly wouldn't argue that. You wouldn't argue that. No. I think that the... Don't you pretty much have to have a willful violation to go to the most serious, basically capital punishment, as we call it? 41B and 60B, those rules don't require a willful violation. They take the view that the review is for abuse of discretion and that if a factualist finding is made or a credibility finding is made by the district court, then that's entitled to special deference. What kind of finding did Judge Reel make here? That not reading e-mail was not a sufficient explanation for not showing up to the OSC hearing. Well, let me look at it a little different way. Right around the time that this rule was amended, well, the rule had in there that you should have put your e-mail address on your cover sheet. But then soon after that, the central district adopted, like many courts, the electronic case filing, at least for certain judges and cases. And in that electronic case filing, my reading of the rule says that they actually tell you if that judge or that case is in the electronic case filing program, they actually have a notice, something to the effect that service of the court's orders filed by the court and designated cases for electronic filing will be served only via the e-mail notice of electronic filing. So this case, I presume, was not one of those cases. Not that I'm aware. We have now nothing in the file that indicates that. And so this very explicit notice telling people that if you're in the electronic case filing segment, all bets are off, it's all electronic, doesn't apply to this case. It would not. So the only thing that we would be holding counsel to is a violation of not reading or interpreting or understanding the rule to mean that e-mail is the only way that the court is going to communicate on other cases. Correct. Well, this puts you in a lucky position because you get to come here and be totally not responsible for anything that got you here. So you're kind of in a win-win situation, I suppose, although I'm sure your client would wish the case would go away. Well, certainly. And when the dismissal was entered without our knowledge at all and the first notice we had was the motion to vacate the dismissal. And your service on your client was within the 120 days? It was. You were not served with OSC because you hadn't made an appearance. Correct. So you didn't know anything about this. Didn't know anything until the application to extend the time for the OSC hearing and then the motion to vacate. But the dismissal had been entered already. It must have been a sort of a dizzying series of events. You get served, then you get a dismissal, then you get a dismissal. Well, and then brilliant lawyering on your part, I would say. Absolutely. You must be telling the client. And I'm here defending somewhat of a windfall. By the way, where is your co-defendant? Isn't the employer also a defendant? Edison was named as a defendant. They were served after the dismissal was entered and so never had a reason to appear. You mean their reasons were even lesser than yours? Correct. Okay, thank you very much. Thank you. You have a little time left for a bottle, do you? If you feel you have to take it. I don't know what to say, Andrew. That's a good answer. And I think I will say, for nothing, the cases in my brief talk about extremism. Thank you. Thank you for your thorough detention. I thank both counsel for their candor. The case is argued as cancelled minutes.
judges: Kozinski, Tashima, McKeown